**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLARA C. CURRY,

Petitioner,

v.

NORFOLK SHIPBUILDING & DRYDOCK

No. 96-2573

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(95-2062)

Submitted: July 29, 1997

Decided: August 25, 1997

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Klein, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia,
for Petitioner. Gerard E. W. Voyer, Donna White Kearney, TAYLOR
& WALKER, P.C., Norfolk, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Clara C. Curry appeals the decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") order denying workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act ("Act"), 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997).[1] The only issue in this appeal is whether substantial evidence supports the ALJ's finding that Curry did not sustain a work-related injury. We affirm.

On May 25, 1994, Curry was working in the reduction gear room of the USS Caron washing engines and overhead piping. She claims she was injured when she fell from the ladder on which she was standing and broke the fall by grabbing a pipe. Although she felt some pain in her left arm and shoulder, she continued working. The next day, she claims she began to feel pain in the same area and when it worsened, she asked her supervisor for a pass to go to First Aid. Curry told neither her supervisor nor the doctor who examined her in First Aid about her alleged accident on May 25.

The next day, Curry went to the emergency room at Sentara Hampton General Hospital where a doctor ordered x-rays and placed her in a neck brace. She then visited her family doctor who restricted her ability to work. Eventually she returned to full duty.

_____

[1] The Board issued no opinion in this case. On September 12, 1996, the Board sent the parties a notice stating that pursuant to the provisions of Pub. L. No. 104-134, enacted on April 26, 1996, all appeals to the Board relating to claims under the Act were deemed to have been affirmed if the case had been pending before the Board for one year by September 12, 1996. Because Curry's appeal met this criterion, the Board informed the parties that the ALJ's decision effectively had been affirmed by the Board on September 1, 1996, for purposes of their rights to obtain review in this court.

2

Valerie Prayer, Curry's co-worker, testified that she and Curry worked in the same space on May 25, 1994, that there was no ladder in the work space, and that she did not observe any accident.[2] Prayer said that the next day Curry complained about neck pain and said she did not know the cause. Curry did not tell Prayer about the alleged accident until a week or two later.

Another co-worker, Amy King, testified that she worked in the top level of the engine room of the USS Caron on May 25 and 26, 1994, while Curry and Prayer were working on the bottom level. She stated that she did not witness an accident involving Curry and that Curry did not tell her about any accident.

Section 20(a) of the Act, 33 U.S.C. § 920(a) (1994), establishes a presumption that a longshoreman's claim is covered by the Act. "To be entitled to the Section 20(a) presumption . . . , the claimant bears the burden of proving that he has sustained a harm or pain, and that working conditions existed or an accident occurred which could have caused the harm or pain." Caudill v. Sea Tac Alaska Shipbuilding, 25 BRBS 92, 95 (1991); see also Kelaita v. Triple A Machine Shop, 13 BRBS 326, 331 (1981). Where a claimant shows that she has sustained an injury which might be work-related, the injury is presumed to be linked to her employment. The burden then shifts to the employer to rebut the presumption with substantial evidence that the employee's condition was not caused or aggravated by her employment. See Rajotte v. General Dynamics Corp., 18 BRBS 85, 86 (1986).

The ALJ found that Curry failed to sustain her burden of proving that an accident happened or that she was injured during an accident. This court's examination is limited to errors of law and findings of fact which are not supported by substantial evidence in the record as a whole. See Voris v. Eikel, 346 U.S. 328, 333-34 (1953). We give deference to the ALJ's credibility determinations and inferences from the evidence, even if there are other, more reasonable conclusions that may be drawn from the record. See See v. Washington Met. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994); Pittman Mechanical

---

[2] The record reflects that the room was noisy and although Prayer and Curry were working in the same room, they could not hear each other.

Contractors, Inc. v. Director, 35 F.3d 122, 127 (4th Cir. 1994). Under this deferential standard, we affirm the Board's summary affirmance of the ALJ's decision because there is substantial evidence to support the ALJ's findings.

The ALJ noted that Prayer, who was in the best position to observe Curry and had "no apparent reason to lie," did not see Curry fall and gave uncontradicted testimony that Curry did not tell her about having an accident until days later. He also noted that King, who was working nearby, witnessed no accident. Because the only evidence that Curry sustained a work-related injury during a fall from a ladder was Curry's own testimony, and because the ALJ found her testimony to be incredible, we find that the ALJ's decision was supported by substantial evidence.

The ALJ also concluded that, although he believed that Curry's neck pain was real, this injury did not have any other work-related cause. Curry's medical records report a work-related injury based on Curry's own statements that she was injured while grabbing an overhead pipe as she fell from a ladder. No other work-related cause for her injuries is suggested in the record and, as noted above, the ALJ found Curry not to be a credible witness.

We find the ALJ's conclusion that Curry's alleged injuries were not work-related is supported by substantial evidence. Consequently, we affirm the Board's summary affirmance of the ALJ's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4